UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. LAPCHAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PARADIGM BIOPHARMACEUTICALS (USA), INC., a Delaware corporation; and DONNA SKERRETT, an individual,<br><br>Defendants. | Case No.: 24-CV-143 JLS (DDL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 9) |

Presently before the Court are Defendants Paradigm Biopharmaceuticals (USA), Inc. ("Paradigm") and Donna Skerrett's ("Skerrett") (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint's Second, Third, and Fourth Causes of Action ("Mot.," ECF No. 9) and Memorandum of Points and Authorities in Support Thereof ("Mem.," ECF No. 9-1). Plaintiff Paul A. Lapchak filed an Opposition to the Motion ("Opp'n," ECF No. 11), to which Defendants submitted a Reply ("Reply," ECF No. 13). The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1) on June 27, 2024. ECF No. 12. Having carefully considered the Parties' arguments, Plaintiff's First Amended Complaint ("FAC," ECF No. 4), and the law, the Court rules as follows.

/ / /

# BACKGROUND

## I. Plaintiff's Allegations

Plaintiff, a San Diego, California resident, is a renowned scientist, with a PhD in Pharmacology. FAC ¶¶ 1, 8. Plaintiff was hired by Paradigm, a New York corporation[1] that develops and sells drug formulas, to be its executive, holding the title of "Global Head of Translational Development," on or about October 7, 2022. *Id.* ¶¶ 2, 9, 11. Plaintiff alleges Skerrett, a citizen of New York, and Paradigm, were each the "alter ego of the other." *Id.* ¶¶ 3, 7.

Plaintiff was an executive for approximately 12 months, and his last performance evaluation indicated he "exceeded on all measures of performance." *Id.* ¶ 10. On or about October 3, 2023, Paradigm sent Plaintiff a new employment agreement that had not been negotiated with him, and which "materially altered several aspects of the parties' agreed-upon contractual relationship." *Id.* ¶ 12. On or about October 10, 2023, Plaintiff protested the changes and stated he would not enter into the new agreement. *Id.* ¶ 13.

Plaintiff is also a shareholder in Paradigm and shares promised to him have not been timely provided, as set forth in his Employment Agreement. *Id.* ¶ 14. For example, his "sign on bonus" of 25,000 shares were due October 24, 2022, and were not timely provided. *Id.* ¶ 15. His one-year anniversary 100,000 shares were due October 24, 2023, and were also not timely provided. *Id.* ¶ 16. On October 29, 2023, Paradigm issued a "trading halt" and issued a "rights offer" or "entitlement offer" to its employees, and Plaintiff timely exercised his entitlement/rights offer as to the missing 125,000 shares of Paradigm stock. *Id.* ¶ 17. Plaintiff has not received the 125,000 shares to which he is entitled, nor other shares to which he is entitled under a capital raise. *Id.* ¶¶ 18, 19. He indicates Skerrett, "is a person responsible for Paradigm's failure to pay Lapchak wages under California law." *Id.* ¶ 25.

---

[1] While Plaintiff alleges Paradigm is a New York corporation, the Court notes the FAC's caption indicates Paradigm is a "Delaware corporation," and as discussed below, Paradigm was incorporated in Delaware.

On November 1, 2023, at a company-wide team meeting, Plaintiff "presented an overview of drug toxicity," then on November 17, 2023, "presented a power point deck to Paradigm's safety officer, director of clinical operations, and head of osteoarthritis[,] summarizing significant multi-organ toxicity of Paradigm's drug product." *Id.* ¶ 20. He proceeded to inform the regulatory department of the multi-organ toxicity of the product. *Id.*

Subsequently, purportedly retaliating against Plaintiff's actions, Defendants disabled Plaintiff's access to the workplace computers. *Id.* ¶ 21. After Plaintiff protested, Plaintiff avers Defendants "falsely claimed" Plaintiff was still an employee. *Id.* ¶ 21. Defendants formally terminated Plaintiff on or about January 12, 2023. *Id.* ¶ 22.

## II.   Procedural Background

Plaintiff filed a Complaint on January 22, 2024. ECF No. 1. After the Parties met and conferred regarding Defendants' concerns with the Complaint, Plaintiff amended his Complaint to address such concerns and filed his FAC on March 28, 2024. Mem. at 9.[2] Defendants, dissatisfied with Plaintiff's FAC, indicate their counsel made multiple requests for Plaintiff to voluntarily agree to amend his FAC, ultimately resulting in the instant Motion. *Id.* at 9–10.

Plaintiff's FAC alleges (1) breach of contract against both Defendants; (2) breach of fiduciary duties and violation of California Corporations Code Section 309 against Defendant Skerrett; (3) violation of "California Whistleblower Statute" against both Defendants; (4) and violations of "California Employment Law" against both Defendants. *See generally* FAC.

## LEGAL STANDARD

Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The

---

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page of the cited filing.

Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

To survive a 12(b)(6) motion, then, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). Further, "a district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendants argue Plaintiff's Second, Third, and Fourth Cause of Action fail to state a claim upon which relief can be granted, and as such, they should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Mem. at 8. The Court

addresses each argument in turn.

## I.     Second Cause of Action

Plaintiff's Second Cause of Action is titled "Breach of Fiduciary Duties and Violation of California Corporations Code Section 309, *et seq* – Against Defendant Skerrett." FAC at 6. Defendants argue that pursuant to the "internal affairs" doctrine, codified by California Corporations Code Section 2116, Delaware law, as opposed to California law, would apply to Plaintiff's breach of fiduciary duty claim. Mem. at 13. This is because, under Section 2116, claims involving the internal affairs of corporations, such as breach of fiduciary duties, are subject to the laws of the state of incorporation. *Id.* Moreover, Defendants argue California Corporations Code Section 309 governs the performance of duties by a *director*, and as Plaintiff does not allege Skerrett is a director of Paradigm, Plaintiff does not state a legally cognizable claim under Section 309, even were California law to apply. *Id.* at 14.

Defendants also argue Plaintiff has failed to state a claim under Delaware law. Defendants contend, under Delaware law, "corporate directors do not owe fiduciary duties to individual stockholders; they owe fiduciary duties to the entity and to the stockholders as a whole." *Id.* at 15 (quoting *Klaassen v. Allegro Dev. Corp.*, Case No. 8626-VCL, 2013 WL 5967028, at *36 (Del. Ch. Nov. 7, 2013) (citations omitted)). Accordingly, Defendant's assert, to the extent Plaintiff's breach of fiduciary duty claim is premised on the notion that Skerrett owed a duty to Plaintiff as a specific individual shareholder, Plaintiff fails to state a claim. *Id.* at 16. Defendants also note Plaintiff's FAC "seems to suggest Plaintiff is asserting a shareholder-derivative suit," while failing to follow the procedural requirements of such an action. *Id.* at 16 n.3.

Plaintiff, in his Opposition, does not dispute Delaware law applies. Nor does he address Defendants' contention regarding the derivative nature of his allegations. Rather Plaintiff contends Skerrett, under either California or Delaware law, and irrespective of whether she was a director or not, owed a fiduciary duty as a majority shareholder to Plaintiff, a minority shareholder, and as such, Plaintiff's claim should not be dismissed.

Opp'n at 2. Plaintiff cites *In re Dell Technologies Inc. Class V Stockholders Litigation*, as support for his position, specifically, that "[u]nder Delaware law a shareholder owes a fiduciary duty only if it owns a majority interest in or exercises control over the business affairs of the corporation." *Id.* (citing *In re Dell Techs. Inc. Class V Stockholders Litig.*, No. 2018-0816-JTL, 2020 Del. Ch. LEXIS 211, at *53 (Del. Ch. June 11, 2020)). Plaintiff additionally argues it would be premature to dismiss this cause of action on the basis Skerrett is allegedly not a director, as such information will "come through discovery." Opp'n at 3.

Defendants, in Reply, take issue with Plaintiff's citation "to a single unpublished, Delaware case," which "remains not certified for publication and is expressly 'subject to revision or withdrawal.'" Reply at 8 (citing *Dell*, 2020 Del. Ch. LEXIS 211). Defendants emphasize this case does not support a finding Plaintiff sufficiently pled the Second Cause of Action for breach of fiduciary duty as Plaintiff does not, in either his FAC or Opposition, "put forth the elements of a cause of action for a breach of fiduciary duties under Delaware law nor does he allege any facts supporting that a breach of Delaware law occurred." *Id.* Finally, Defendants point out that *Dell* is a shareholder-derivative suit, making it either inapplicable here, or to the extent Plaintiff intends to plead a shareholder-derivative suit based on breach of fiduciary duties, his FAC is otherwise subject to dismissal as having failed to comply with the requirements under Federal Rule of Civil Procedure 23.1 for such claims. *Id.*

As an initial matter, the Court agrees with Defendants that the law of the state of incorporation applies to Plaintiff's breach of fiduciary duty claim, which goes undisputed by Plaintiff. *See e.g.*, *EpicentRX, Inc. v. Bianco*, No. 21-CV-1950-MMA-DDL, 2024 WL 56995, at *17 (S.D. Cal. Jan. 4, 2024) (finding a plaintiff's breach of fiduciary duty claim fell within California Corporations Code Section 2116 and therefore applied Delaware law); *see also Voss v. Sutardja*, No. 14-01581-LHK, 2015 WL 349444, at *6–9 (N.D. Cal. Jan. 26, 2015) (applying internal affairs doctrine to breach of fiduciary claim and finding the law of the state of incorporation governs). Though the Parties seem to

assume Delaware is Paradigm's state of incorporation in their briefing for this Motion, neither expressly indicates such. In any event, the Court ascertains from public records maintained by the Delaware Secretary of State that Paradigm was incorporated in Delaware.[3] Delaware Secretary of State, *Paradigm Biopharmaceuticals (USA) Inc. (7899242)*, General Information Name Search, https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (last visited January 17, 2025). Thus, Delaware law applies to this claim.

Accordingly, the Court finds Plaintiff has failed to plead a legally cognizable action against Skerrett for breach of fiduciary duty based on California Corporations Code Section 309.[4]

Next, the Court agrees with Defendants that Plaintiff has failed to state a claim for breach of fiduciary duty under Delaware law. For one, Plaintiff does not identify whether his claims are derivative or direct. Based on the Court's reading of his allegations, Plaintiff appears to be asserting derivative claims in large part, and to the extent he seeks to assert a direct claim, has not pled sufficient factual allegations to support such a claim.

"The propriety of bringing a direct versus derivative claim is governed by the law of the state of incorporation." *EpicentRX, Inc.*, 2024 WL 56995, at *16 (quoting *Yeung v. Advanced Biologics, LLC*, No. 17-cv-1510-JAH-JMA, 2019 WL 3936139 at *3 (S.D. Cal. Aug. 20, 2019)). Accordingly, Delaware law applies to this issue. "Under Delaware law, the classification of an action as direct or derivative is 'based solely on the following questions: Who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?'" *Lee*

---

[3] The Court may take judicial notice of records from the Delaware Secretary of State's website pursuant to Federal Rule of Evidence 201. *See, e.g.*, *GCIU-Emp. Ret. Fund v. Shelton-Turnbull Printers, Inc.*, No. 2:22-CV-02381-MCS-KS, 2022 WL 18231685, at *1 n.1 (C.D. Cal. Oct. 3, 2022).

[4] As the Court finds Plaintiff has not pleaded a legally cognizable action under Section 309 because California law does not apply to this claim, the Court does not reach the Parties' arguments regarding whether Plaintiff adequately pled Dr. Skerrett was a director under Section 309.

*v. Fisher*, 70 F.4th 1129, 1139 (9th Cir. 2023) (quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004)). Under this test, a "derivative action" is one brought "on behalf of the corporation for harm done to the corporation," while a "direct action" is one where "the stockholder has demonstrated that . . . []he has suffered an injury that is not dependent on an injury to the corporation." *Id.* at 1139–40 (quoting *Tooley*, 845 A.2d at 1035–36) (internal citations omitted). The "[p]laintiffs' classification of the suit is not binding," but rather a court must "independently examine the nature of the wrong alleged and any potential relief to make its own determination of the suit's classification." *Id.* (quoting *Tooley*, 845 A.2d at 1035–36) (internal citations omitted).

Here, Plaintiff indicates Skerrett violated her duties of care and loyalty to Plaintiff as a minority shareholder by:

> a. Distributing a disproportionate share of corporate profits (whether in the form of a dividend or excessive executive compensation) to Skerrett, depriving the minority shareholder (Lapchak) of his fair share of the corporate profits.
>
> b. Failing to notify Lapchak and other shareholders in advance of the nature of payouts to Skerrett and failing to provide Lapchak an opportunity to dissent.
>
> c. Distributing a disproportionate share of corporate profits (whether in the form of a dividend or excessive executive compensation) to Skerrett, depriving the company of needed funds to become profitable for all shareholders.

FAC ¶ 39.

Plaintiff's allegations regarding excessive executive compensation, as currently pled, give rise to derivative claims because "excessive executive compensation harms the corporation." *Compartment IT2, LP v. Fir Tree*, No. 2:17-cv-01035-MMD-VCF, 2018 WL 1567841, at *5 (D. Nev. Mar. 30, 2018) (citing *Kramer v. W. Pac. Indus., Inc.*, 546 A.2d 348, 353 (Del. 1988) (finding that claims related to purportedly excessive

executive compensation were derivative)). Plaintiff also alleges harm to the corporation, through its being deprived of "needed funds to become profitable[.]" FAC ¶ 39. But Plaintiff has not complied with Federal Rule of Civil Procedure 23.1 which governs derivative claims. *See* Fed. R. Civ. P. 23.1(b) (requiring, among other things, a verified pleading stating with particularity any effort by the plaintiff to obtain the desired action from the directors or comparable authority).

The Court notes Plaintiff's allegation that Skerrett failed to notify him and provide him of an opportunity to dissent could potentially demonstrate harm to Plaintiff independent from harm to the corporation. However, as currently pled, Plaintiff does not identify what specific relief is sought for this claim, preventing the Court from examining the nature of the relief in its evaluation of this claim's classification. Moreover, Plaintiff's FAC does not explain how such conduct breached a fiduciary duty, nor does Plaintiff bring forward any case law to support his contention.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss on these grounds. The Court, however, is not presently persuaded by Defendants that Plaintiff's Second Cause of Action is "fatally flawed." *See* Reply at 8. Rather, the Court determines a modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co.*, 806 F.2d at 1401. Accordingly, the Court **DISMISSES** Claim II **WITHOUT PREJUDICE** and **GRANTS** Plaintiff **LEAVE TO AMEND**.

II. **Third Cause of Action**

Plaintiff's Third Cause of Action is titled "Violation of California Whistleblower Statute – Against Defendants." FAC at 7. Defendants argue Plaintiff's Third Cause of Action fails to state a cognizable legal theory under which Plaintiff can recover relief as Plaintiff cites California Labor Code Section 1102.6, *see* FAC ¶ 43, which "merely provides an evidentiary standard" in connection with claims asserted under California Labor Code Section 1102.5, Mem. at 17. Plaintiff responds that his claim here arises under Section 1102.5, and the FAC provides sufficient notice as Section 1102.6 references

Section 1102.5.  Opp'n at 3–4.  Section 1102.6 states:

> In a civil action or administrative proceeding brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance of the evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5.

Cal. Lab. Code § 1102.6.

The Court agrees that, while not the pinnacle of specificity, Plaintiff's FAC alerts Defendants that his claim arises under Section 1102.5.  But Section 1102.5 consists of various subsections describing different causes of action and Plaintiff does not point to any as the basis for his claim, nor does he argue that the FAC's allegations provide sufficient notice of a particular subsection's cause of action.

Instead, Plaintiff only references Section 1102.5 subsections–in particular, subsections 1102.5 (b), (c), and (h)—in his Opposition to support his argument that Skerrett can be sued under this statute as a "person acting on behalf of the employer."  Opp'n at 4. Plaintiff does not indicate whether these are the relevant subsections underlying the claims in his FAC, and even assuming Plaintiff made such an argument, he does not demonstrate how the FAC itself provides sufficient notice of these claims.  *Twombly*, 550 U.S. at 555 (requiring a plaintiff to provide "fair notice of what the . . . claim is and the grounds upon which it rests").

In any event, the Court additionally finds Plaintiff's allegations are insufficient to state a claim, as currently pled, under the identified subsections.  To begin, Section 1102.5 subsections (c) and (h) appear to have little to no relation to Plaintiff's allegations, as subsection (c) provides protections for employees "refusing to participate" in unlawful

conduct and subsection (h) provides protections for employees when an employee's "family member" has engaged in protected conduct. Cal. Lab. Code § 1102.5 (c), (h). As Plaintiff does not allege facts showing he refused to participate in unlawful conduct or that a family member engaged in protected conduct, he has not stated a claim under these subsections.

Section 1102.5(b), however, appears more applicable to Plaintiff's allegations, and provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation . . . .

Cal. Lab. Code § 1102.5(b). "In order to plead a prima facie case of retaliation [under subsection 1102.5(b)], a plaintiff must show that []he engaged in a protected activity, h[is] employer subjected h[im] to an adverse employment action, and there is a causal link between the protected action and the adverse action." *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1148 (S.D. Cal. 2018) (citing *Patten v. Grant Joint Union High Sch. Dist.*, 37 Cal. Rptr. 3d 113, 117 (Ct. App. 2005)). Furthermore, "[t]he employee must have an actual belief that the employer's actions were unlawful and the employee's belief, even if mistaken, must be reasonable." *Id.* (citing *Carter v. Escondido Union High Sch. Dist.*, 56 Cal. Rptr. 3d 262, 269–70 (Ct. App. 2007)).

Per his FAC, Plaintiff's "reports of drug toxicity plus complaints of failure to timely issue shares, removal of vested wages, [and] failure to pay 401K monies owed to him" led to his termination. FAC ¶ 44. With respect to the drug toxicity complaint, Plaintiff's FAC

is deficient as he points to no illegal activity he purportedly disclosed. *See Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1135 (N.D. Cal. 2004) ("Plaintiff does not cite any statute, rule, or regulation that may have been violated by the disclosed conduct."). Plaintiff does allege "Defendants suspected [Plaintiff] might report drug toxicity issues to the FDA," implying that some FDA regulation may have been violated. FAC ¶ 71. But courts have found such generalized references insufficient to put a defendant on notice.[5] *See La v. San Mateo Cnty. Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *6 (N.D. Cal. Sept. 16, 2014) (holding the plaintiff's "citation to a whole statutory framework" did not properly state a claim under section 1102.5); *Clevland v. Ludwig Inst. Cancer Rsch. Ltd.*, No. 21cv871 JM (JLB), 2022 WL 80265, at *4 (S.D. Cal. Jan. 7, 2022) (dismissing a claim under section 1102.5 because the plaintiff's belief that the defendant violated "some provision of 2 CFR Part 200" failed to give the defendant fair notice); *Chan v. Canadian Standards Ass'n*, No. 19-SACV-2162-JVS (JDE), 2020 WL 2496174, at *2 (C.D. Cal. Mar. 16, 2020) ("A plaintiff must be able to identify a *specific* state or federal statute, rule, or regulation which he believed was being violated." (emphasis added)).

Next, with respect to Plaintiff's allegations regarding his complaints that shares and wages owed to him were not timely issued, Plaintiff's FAC is devoid of facts to support a causal link between the protected activity and the adverse action. A "causal link may be established by an inference derived from circumstantial evidence, 'such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'" *Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 666 (Ct. App. 2000) (first quoting *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); and then citing *Fisher v. San Pedro Peninsula Hosp.,* 262 Cal. Rptr. 842, 856 (Ct. App. 1989)). However, "[e]ssential to a

---

[5] The Court, using its judicial experience and common sense, can surmise that organ toxicity may violate some statute or regulation. Nonetheless, absent more facts beyond Plaintiff reporting "significant multi-organ toxicity" (FAC ¶ 20), the Complaint cannot overcome the weight of authority requiring more specificity.

causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Id.* (first quoting *Cohen v. Fred Meyer, Inc.* 686 F.2d 793, 796 (9th Cir. 1982); and then citing *Gunther v. Washington County* 623 F.2d 1303, 1316 (9th Cir. 1979)); *see also Bowen v. M. Caratan, Inc.*, 142 F.Supp.3d 1007, 1031 (E.D. Cal. 2015). Plaintiff's conclusory allegation he "complained to a person with authority over him, or to another employee who had the authority to investigate, discover, or correct the violation or noncompliance, about drug toxicity, and also about his unissued shares, and his unpaid wages," FAC ¶ 70, does not provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In other words, Plaintiff has not alleged "factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (citation omitted).

The Court also agrees with Defendants that Plaintiff's Third Cause of Action against Defendant Skerrett, in particular, must be dismissed for the additional reason that Plaintiff has failed to allege an employment relationship with Skerrett. First, the Court is not convinced by Plaintiff's contention he does not need to allege Skerrett was his employer. Rather, the Court is persuaded by the courts in this district and within the Ninth Circuit which have examined the issue and declined to extend individual liability under Section 1102.5 in the absence of an employment relationship. *See e.g., United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F.Supp.3d 1020, 1030 (S.D. Cal. 2017) (granting in part motion to dismiss, concluding that if the California Supreme Court were to ever consider the issue, it would hold that there can be no individual liability under section 1102.5); *United States of America ex rel. Fallon v. Bell Transit Corp.*, No. 16-cv-06994-PJH, 2021 WL 3665898, at *5 (N. D. Cal. Aug. 18, 2021) (noting that "courts have been unwilling to apply section 1102.5 to individual employee-defendants, even though the statute was amended in 2014 to allow liability against 'any person acting on behalf of an employer'"); *Friedman v. Jenkins*, No. 23-cv-05036-JSW, 2024 WL 1182878, at *5 (N.D. Cal. Mar. 19, 2024) (noting that "[n]o court has adopted" the position that Section 1102.5 provides individual liability for retaliation "in the decade

since Section 1102.5 was amended").

And the Court is persuaded that Plaintiff has failed to allege such an employment relationship here. Plaintiff's FAC fails to allege facts, as opposed to conclusions, that demonstrate Skerrett was his employer. For instance, Plaintiff's allegation Defendants were the "alter ego and agent" of each other, FAC ¶ 7, is entirely conclusory. And Plaintiff's allegations that Defendants allegedly disabled Plaintiff's access to the workplace computers and subsequently claimed he was still an employee, *id.* ¶¶ 21–22, are insufficient, particularly considering that Plaintiff does not distinguish what conduct was done by which of the two Defendants. Finally, while Plaintiff generally alleges "Skerrett is a person responsible to pay [Plaintiff] wages under California law," *id.* ¶ 25, this alone does not plausibly demonstrate Skerrett was his employer.

Plaintiff also argues Skerrett had notice that she is alleged to be an employer based on statements in the FAC the "individual Defendant was an employer under Labor Code § 558.1 and the common law" and that "[u]nder Labor Code §§ 558(a) and 1197.1(a), Paradigm's owners, directors, officers, and managing agents may be held personally liable for violations of certain wage and hour laws." Opp'n at 4 (citing FAC ¶ 50). But this argument does not save Plaintiff. As Plaintiff has failed to state sufficient facts to allege an employment relationship, he has not provided "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] *Twombly*, 550 U.S. at 555.

Accordingly, the Court **GRANTS** Defendants' Motion on these grounds. However, the Court finds Plaintiff may be able to address these defects through amendment, and as such, **DISMISSES** Claim III **WITHOUT PREJUDICE** and **GRANTS** Plaintiff **LEAVE TO AMEND**.

---

[6] To the extent Plaintiff references these statutes to support his argument Defendant Skerrett can be held individually liable under Section 1102.5, Plaintiff fails to provide any explanation for this theory, and the statutes themselves, which both pertain to wage and hour claims, do not suggest they would make an individual defendant a legally cognizable employer in a whistleblower retaliation claim brought pursuant to Section 1102.5.

### III. Fourth Cause of Action

Plaintiff's Fourth Cause of Action is labeled "Violations of California Employment Law" and contains five "counts" titled:

Count 1: Labor Code § 204 Failure to Pay Wages;

Count 2: Labor Code § 203 – Failure to Pay All Wages Due At Termination;

Count 3: Labor Code § 226 – Failure to Provide Accurate Wage Statements;

Count 4: Retaliation in Violation of Public Policy (*Tamney*);

Count 5: Retaliation – Labor Code Section 98.6.

FAC at 8–12. Defendants argue Plaintiff's Fourth Cause of Action is "impermissibly pled in its entirety as shotgun pleading." Mem. at 18.

"Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim." *Quintanar v. County of Stanislaus*, No. 118CV01403TLNBAM, 2021 WL 4443251, at *3 (E.D. Cal. Sept. 28, 2021) (citing *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014); *In re Mortgs. Ltd.*, No. 2:08-bk-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz. Mar. 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

While Defendants argue both types of shotgun pleading exist here, Plaintiff appears to only respond to the latter type.

Defendants first contend, although "each of the five counts therein are purportedly against both Paradigm and Dr. Skerrett, Plaintiff fails to provide sufficient facts supporting that Dr. Skerrett was joint employer, or otherwise mention Dr. Skerrett at all in the 33 paragraphs of the Fourth Cause of Action." Mem. at 18 (citing FAC ¶¶ 49–82). Defendants argue the Ninth Circuit requires some level of definition of allegations and claims between codefendants, and here, there is "simply zero delineation between actions taken by Paradigm as opposed to Dr. Skerrett, and vice versa." *Id.* at 19–20.

Next, Defendants argue Plaintiff lumps together his causes of action, despite several

of the actions being founded upon separate occurrences. *Id.* at 19. For example, per Defendants, Plaintiff's failure to pay wages claim pursuant to Labor Code Section 204 does not arise out of the same transaction as his claim for waiting time penalties pursuant to Labor Code Section 203, as "the former alleges Plaintiff did not receive wages due to him for 401k payments, PTO, and shares in the Company *during Plaintiff's employment,* whereas the latter necessarily arises from Plaintiff's termination, i.e., post employment, and subsequent events." *Id.* Additionally, Defendants argue, the counts for retaliation in violation of public policy and under Labor Code Section 98.6 "do not stem from the same occurrence as the aforementioned alleged violation of wage-hour law versus alleged complaint following violations." *Id.*

Plaintiff responds that he "merely separates specific types of employment claims into "Counts" and that Plaintiff's counsel has used "Count pleading" before in this Court. Opp'n at 5. Plaintiff states "[i]f Defendants truly want to take issue, then they can be separated into numbered claims but there is no basis for stating each Count cannot be taken as a cause of action winnable or dismissible on its own." *Id.*

The Court is persuaded by Plaintiff that Defendants have not shown Plaintiff's "count" pleading is impermissible shotgun pleading. "In order for a complaint to be considered a shotgun pleading, it must incorporate all or nearly all of the previous allegations and make[] no attempt to lay out which conduct constitutes the violation alleged." *Physicians Care All., LLC v. All Day Beauty, LLC*, No. 2:18-CV-2602-HRH, 2019 WL 176782, at *2 (D. Ariz. Jan. 11, 2019) (alteration in original) (internal quotation omitted)). Here, Plaintiff's FAC lays out the relevant statute and conduct which constitutes the violation alleged for each count. This, of course, does not mean such allegations are sufficient to state the claims alleged per each count. The Court simply finds it cannot say that "[i]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (first alteration in original) (internal quotation marks omitted) (quoting *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996)).

However, Plaintiff does not address Defendants' argument the Fourth Cause of Action impermissibly fails to provide any definition of allegations and claims between Defendants. Courts have also found impermissible shotgun pleadings present in complaints alleging "everyone did everything" because such allegations prevent defendants from understanding the nature of the claims asserted against each of them. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *see also Tianhai Lace Co. Ltd v. Zoetop Bus. Co.*, No. 2:22-cv-06106-JLS-MRW, 2023 WL 3549698, at *3 (C.D. Cal. Feb. 24, 2023) (holding "general allegations against all Defendants as joint participants . . . unduly obscure 'which allegations are targeted against which defendants.'" (quoting *Gavriliuc v. TEKsystems, Inc.*, No. 8:20-cv-02164-JLS-DFM, 2021 WL 3568252, at *2 (C.D. Cal. Apr. 14, 2021))). And conclusory allegations that Defendants acted as agents of each other in committing the acts "does not absolve Plaintiff of the basic federal pleading requirements under Rule 8(a), *Twombly*, and *Iqbal*." *Gavriliuc*, 2021 WL 3568252, at *2.

The Court agrees that Plaintiff's Fourth Cause of Action does not demonstrate how "each . . . [D]efendant is alleged to have violated [Plaintiff's] legal rights," *Destfino*, 630 F.3d at 958, particularly considering that, as discussed above with respect to his Third Cause of Action, Plaintiff has not sufficiently alleged Skerrett to be Plaintiff's employer. In any event, however, as Plaintiff does not respond to this argument, the Court considers this issue waived. *See Daniels v. Am.'s Wholesale Lender*, No. ED CV 11-1287 PA (MANx), 2011 WL 13225097, at *4 (C.D. Cal. Oct. 24, 2011) ("Plaintiffs fail to address (much less refute) these persuasive arguments in their Opposition, thus conceding them." (citing *City of Arcadia v. Env't Prot. Agency*, 265 F. Supp. 2d 1142, 1154 (N.D. Cal. 2003))); *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 948 (C.D. Cal. 2022) ("The Court thus accepts Defendant's argument as unopposed and bars Plaintiff's requests . . . ."); *Bolooki v. Honda Motor Co.*, No. 2:22-cv-04252-MCS-SK, 2023 WL 2627015, at *3 (C.D. Cal. Mar. 10, 2023) ("[T]he Court construes Plaintiffs' silence as concurring with Defendant's position . . . .").

Defendants additionally argue Plaintiff's "Count 2" for untimely payment of wages premised on Labor Code Section 203 fails to state facts sufficient to support a cause of action. First, Defendants assert Labor Code Section 203 does not set forth the timeframe after which final wages may be deemed untimely paid and after which concomitant penalties may be sought, as the text of Section 203 indicates "the criteria used to determine whether a final wage payment is untimely is found in several alternative preceding 8 sections and subsections 201 through 202, all of these section and subsection [sic] have different timing requirements of final wages," and Plaintiff does not set forth which section or subsection Plaintiff relies on. Mem. at 20. Further, Defendants argue Plaintiff's facts are insufficient to premise a request for penalties, as Plaintiff has not alleged facts establishing when Plaintiff "actually stopped working for Defendant, and how Defendants failed to pay the required wages or specific facts showing a willful refusal to pay wages after Plaintiff's termination." *Id.* at 22.

Finally, Defendants argue Plaintiff's "Count 4" for retaliation in violation of public policy is "fatally flawed" as Plaintiff has failed to plead facts sufficient to show an employment relationship with Skerrett, a required element of a wrongful termination cause of action. *Id.* at 23 (citing *Milosky v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900 (2009)).

These arguments go unopposed in Plaintiff's Opposition, and accordingly, the Court likewise considers these issues waived. See *Daniels*, 2011 WL 13225097, at *4. Thus, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's Fourth Cause of Action on these grounds. Nevertheless, because the Court is not persuaded that amendment is futile here, Plaintiff's Fourth Cause of Action is **DISMISSED WITHOUT PREJUDICE** and Plaintiff is **GRANTED LEAVE TO AMEND**.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 9). Plaintiff's First Amended Complaint's Second, Third, and Fourth Causes of Action are **DISMISSED WITHOUT PREJUDICE**. Within twenty-one (21) days of this Order, Plaintiff either **(1) SHALL FILE** an amended complaint, or **(2) SHALL INDICATE** to

the Court that it will not do so.  ***Failure to timely select either of the above options may result in the dismissal of all claims for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b)***.  *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019) (explaining courts may dismiss an action under Rule 41(b) when a plaintiff fails to comply with a court order requiring the filing of an amended complaint).  Any amended complaint must be complete in and of itself without reference to Plaintiff's FAC; claims not realleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not realleged in an amended pleading may be considered waived).

**IT IS SO ORDERED**

Dated:  February 7, 2025

*[signature]*
Hon. Janis L. Sammartino
United States District Judge