1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. LAPCHAK, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>PARADIGM BIOPHARMACEUTICALS (USA), INC., a Delaware corporation; and DONNA SKERRETT, an individual,<br><br>                                    Defendants. | Case No.:  24-CV-143 JLS (DDL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 19) |

Presently before the Court are Defendants Paradigm Biopharmaceuticals (USA), Inc. ("Paradigm") and Donna Skerrett's ("Skerrett") (collectively, "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint's First and Second Causes of Action ("Mot.," ECF No. 19) and Memorandum of Points and Authorities in Support Thereof ("Mem.," ECF No. 19-1).  Plaintiff Paul A. Lapchak ("Plaintiff") filed an Opposition to the Motion ("Opp'n," ECF No. 20), to which Defendants submitted a Reply ("Reply," ECF No. 21.  The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1) on June 27, 2025.  ECF No. 22.  Having carefully considered the Parties' arguments, Plaintiff's Second Amended Complaint ("SAC," ECF No. 18), and the law, the Court **GRANTS** Defendants' Motion to Dismiss.

/ / /

# BACKGROUND

## I.    Procedural Background

Plaintiff initiated this action by filing a Complaint against Defendants on January 22, 2024.  *See* ECF No. 1.  Plaintiff filed his First Amended Complaint ("FAC") on March 28, 2024, alleging four causes of action: (1) breach of contract against all Defendants; (2) breach of fiduciary duties against Skerrett; (3) violation of "California Whistleblower Statute" against all Defendants; and (4) violations of "California employment law" against all Defendants.  ECF No. 4 ("FAC").  Subsequently, Defendants filed a Motion to Dismiss Plaintiff's First, Second, and Fourth Causes of Action for failure to state a claim upon which relief can be granted.  *See generally* ECF No. 9.

On February 7, 2025, the Court granted Defendants' Motion and dismissed Plaintiff's First, Second, and Fourth Cause of Action.  *See* ECF No. 15 ("FAC Order") at 9.  However, the dismissal was without prejudice and the Court granted Plaintiff leave to amend his complaint.  *See* FAC Order at 18–19.

On April 29, 2025, Plaintiff filed a Second Amended Complaint ("SAC," ECF No. 18).  Plaintiff's SAC now alleges seven causes of action: (1) breach of contract against both Defendants; (2) violation of "California Whistleblower Statute" against both Defendants; (3) violation of California Labor Code § 204 against Paradigm, (4) violation of California Labor Code § 203 against Paradigm; (5) violation of California Labor Code § 226 against Paradigm; (6) retaliation in violation of public policy against Paradigm; (7) and retaliation under California Labor Code § 98.6 against Paradigm.  *See generally* SAC.

On May 13, 2025, Defendants filed a Motion to Dismiss (1) the First Cause of Action as to Defendant Skerrett only, and (2) the Second Cause of Action for Whistleblower Violations as to both Defendants.  *See* Mot.  On June 12, 2025, Plaintiff filed an Opposition.  *See* Opp'n.  And on June 18, 2025, Defendants filed their Reply.  *See* Reply.

/ / /

/ / /

## II.    Second Amended Complaint: Plaintiff's Allegations

Plaintiff Paul Lapchak, a San Diego, California resident, is a renowned scientist with a PhD in Pharmacology.  SAC ¶¶ 1, 8.  Plaintiff was hired by Paradigm, a Delaware corporation that develops and sells drug formulas, to be its executive, holding the title of "Global Head of Translational Development," on or about October 7, 2022.  *Id.* ¶¶ 2, 9, 11. Plaintiff and Paradigm entered into a contract, the "Employment Agreement," which required Paradigm to provide certain financial compensation and Paradigm shares to Plaintiff as part of the employment inducement. *Id.* ¶¶ 24, 25.  Plaintiff was an executive for approximately 12 months, and his last performance evaluation indicated he "exceeded on all measures of performance."  *Id.* ¶ 10.  On or about October 3, 2023, Paradigm sent Plaintiff a new employment agreement that had not been negotiated with him, and which "materially altered several aspects of the parties' agreed-upon contractual relationship." *Id.* ¶ 12.  On or about October 10, 2023, Plaintiff protested the changes and stated he would not enter into the new agreement.  *Id.* ¶ 13.

Plaintiff is also a shareholder in Paradigm and shares promised to him have not been timely provided, as set forth in his Employment Agreement. *Id.* ¶ 14. For example, his "sign on bonus" of 25,000 shares were due October 24, 2022, and were not timely provided. *Id.* ¶ 15.  His one-year anniversary 100,000 shares were due October 24, 2023, and were also not timely provided.  *Id.* ¶ 16.  On October 29, 2023, Paradigm issued a "trading halt" and issued a "rights offer" or "entitlement offer" to its employees, and Plaintiff timely exercised his entitlement/rights offer as to the missing 125,000 shares of Paradigm stock. *Id.* ¶ 17. Plaintiff has not received the 125,000 shares to which he is entitled, nor other shares to which he is entitled under a capital raise.  *Id.* ¶ 18.  He indicates Defendant Skerrett, "is a person responsible for Paradigm's failure to pay Lapchak wages under California law."  *Id.* ¶ 31.

One of the drugs Paradigm currently develops is a pentosan polysulfate sodium ("PPS"), an "FDA-approved drug that has a long track record of safely treating inflammation for over 60 years."  *Id.* ¶ 11.  Paradigm's primary focus, per Plaintiff, is to

develop PPS (under the name of Zilosul®) to treat osteoarthritis.  *Id.*

On November 1, 2023, at a company-wide team meeting, Plaintiff "presented an overview of drug toxicity of PPS or Zilosul."  *Id.* ¶ 20.  Then on November 17, 2023, Plaintiff "presented a power point deck to Paradigm's safety officer, director of clinical operations, and head of osteoarthritis[,] summarizing significant multi-organ toxicity of Paradigm's drug product, PPS or Zilosul."  *Id.* ¶ 20.  Plaintiff proceeded to inform the regulatory department of the multi-organ toxicity of the same product.  *Id.*  Subsequently, purportedly retaliating against Plaintiff's actions, Defendants disabled Plaintiff's access to the workplace computers.  *Id.* ¶ 21.  After Plaintiff protested, Defendants purportedly "falsely claimed" Plaintiff was still an employee.  *Id.* ¶ 21.  Defendants formally terminated Plaintiff on or about January 12, 2024.  *Id.* ¶ 22.

## LEGAL STANDARD

Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

To survive a 12(b)(6) motion, then, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). Further, "a district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendants argue Plaintiff's First and Second Causes of Action fail to state a claim upon which relief can be granted, and as such, they should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mem. at 1. The Court addresses each argument in turn.

## I.    First Cause of Action

Defendants argue that Plaintiff has failed to plead his First Cause of Action—a breach of contract claim—against Skerrett, as he fails to allege Skerrett was a party to the Employment Agreement at issue, and in fact, alleges that the parties to his Employment Agreement were limited to himself and Paradigm. Mem. at 5 (citing SAC ¶ 24).

Plaintiff, in turn, agrees that he "should pursue his wage claims against Skerrett under California employment law rather than via contract theory, and requests permission to amend the SAC accordingly." Opp'n at 2. As the Parties agree that Plaintiff has not sufficiently pled the First Cause of Action against Skerrett, the Court **GRANTS** Defendants' Motion and **DISMISSES** the First Cause of Action as to Skerrett.

Defendants argue in their Reply that leave to amend "to add a new cause of action" should not be granted. Reply at 2. Instead, Defendants urge the Court to "follow[] the Eleventh Circuit's lead," and deny Plaintiff's request to amend as improper, as it was made

in his Opposition, rather than a separately filed motion. *Id.* (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)). The Court declines to do so, as this Court is bound by the Ninth Circuit, where a party may indeed properly present a request for leave to amend in an opposition to a motion to dismiss. *See, e.g., United States v. $11,500 in U.S. Currency,* 710 F.3d 1006, 1013 (9th Cir. 2013) (citation omitted); *Edwards v. Occidental Chem. Corp.,* 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) (citations omitted); *Simons v. United States,* 497 F.2d 1046, 1049 n.2 (9th Cir. 1974); *Grisham v. Philip Morris, Inc.,* 670 F. Supp. 2d 1014, 1022 (C.D. Cal. 2009) (citations omitted) ("In this Circuit, courts may construe other filings, including oppositions to motions, as motions to amend where amendment would be proper."). Under the circumstances here, the Court determines a modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co.*, 806 F.2d at 1401.

Accordingly, the First Cause of Action as to Skerrett is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

## II.    Second Cause of Action

Plaintiff's Second Cause of Action alleges Skerrett and Paradigm violated the California Whistleblower Statute, specifically California Labor Code Sections 1102.5(b) and (c). Defendants argue the Second Cause of Action must be dismissed as to Skerrett because Plaintiff does not allege an employment relationship between himself and Skerrett. Mem. at 9. And with respect to Paradigm, Defendants contend Plaintiff has failed to plead sufficient facts to state a claim for relief, under either Section 1102.5(b) or (c). *Id.* at 6–8. The Court will take each argument in turn.

### A.    *Defendant Skerrett*

Defendants argue that Plaintiff's SAC again fails to plead any facts suggesting an employment relationship between Plaintiff and Skerrett. Mem. at 9. And Defendants reiterate their position, with which the Court agreed in its past FAC Order, that Plaintiff must plead an employment relationship in order to state a Section 1102.5 claim against Skerrett. *See id.*; *see also* FAC Order at 13.

Plaintiff, in response, does not appear to argue he has sufficiently alleged an employment relationship between himself and Skerrett. Instead, he renews his prior failed argument that he need not allege an employment relationship between himself and Skerrett as she "acted on behalf of the employer." Opp'n at 2. In support of this argument, Plaintiff again relies on the statutory language of Sections 1102.5(b) and (c) that provide "[a]n employer, *or any person acting on behalf of the employer*, shall not retaliate against an employee . . . ." *Id.* (emphasis added).

The Court has already rejected this argument, and it does so again here. True, Section 1102.5 was amended in 2013 (effective January 1, 2014) to include the language, "or any person acting on behalf of the employer." *See Dawson v. Caregard Warranty Serv., Inc.*, No. 5:23-CV01139-SB-SP, 2024 WL 661198, at *1 (C.D. Cal. Jan. 12, 2024). Yet, in the decade since Section 1102.5 was amended, no court has adopted position that the amendments effective in 2014 to Section 1102.5 permit individual liability. *Friedman v. Jenkins*, No. 23-cv-05036-JSW, 2024 WL 1182878, at *5 (N.D. Cal. Mar. 19, 2024). "Instead, courts have almost uniformly applied two California Supreme Court decisions, *Reno v. Baird*, 18 Cal.4th 640 (1998) and *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal.4th 1158 (2008), to find that nonemployer individuals are not subject to personal liability for alleged retaliation against whistleblowers." *Id*.

Accordingly, Plaintiff's Second Cause of Action is subject to dismissal. The Court also finds, here, that leave to amend is not warranted. Plaintiff does not assert he can allege an employment relationship between himself and Skerrett and instead is solely advancing a theory the Court has already disposed of. The Court thus finds that leave to amend would be futile.

Therefore, the Court **GRANTS** Defendants' Motion and **DISMISSES** the Second Cause of Action **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** as to Defendant Donna Skerrett.

/ / /

/ / /

**B.     Defendant Paradigm**

The Court next addresses whether Plaintiff sufficiently pled a claim against Paradigm under Labor Code Section 1102.5(b) and Section 1102.5(c).

*1.     Alleged Violations of Section 1102.5(b)*

Section 1102.5(b) prohibits retaliation against an employee for:

> disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b).  Plaintiff alleges he reported "drug toxicity" and made "complaints of failure to timely issue shares, removal of vested PTO wages, and failure to pay 401K monies owed to him," and "within days," Paradigm "disconnect[ed] him from all Paradigm computer systems," then formally terminated him.  SAC ¶ 46.  Defendants argue these allegations are insufficient to state a claim.

First, with respect to Plaintiff's report of "drug toxicity," Defendants argue Plaintiff's SAC is deficient as "he points to no illegal activity he purportedly disclosed." Mem. at 7.  The Court previously dismissed this claim as deficient for the same reason. FAC Order at 11–12.  Specifically, the Court noted that while Plaintiff's FAC implied some FDA regulation may have been violated, the weight of authority showed such a generalized reference was insufficient to put defendant on notice.  *Id.* at 12.

Plaintiff, in his Opposition, acknowledges this Court previously held he "needed to allege in his SAC which federal or state statutes he contended were violated with more detail about the same," Opp'n at 3, but argues he has now done so.  The Court disagrees.

Plaintiff's SAC alleges that under the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, a drug must be proven safe and effective prior to marketing it, and Plaintiff reported to Defendants that the PPS or Zilosul drug that Defendants made "was not safe and effective." SAC ¶ 41. But these allegations are still too general to sufficiently put Paradigm on notice. *See La v. San Mateo Cnty. Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *6 (N.D. Cal. Sept. 16, 2014) (holding the plaintiff's "citation to a whole statutory framework" did not properly state a claim under section 1102.5); *Cleveland v. Ludwig Inst. Cancer Rsch. Ltd.*, No. 21cv871 JM (JLB), 2022 WL 80265, at *4 (S.D. Cal. Jan. 7, 2022) (dismissing a claim under section 1102.5 because the plaintiff's belief that the defendant violated "some provision of 2 CFR Part 200" failed to give the defendant fair notice); *Chan v. Canadian Standards Ass'n*, No. SACV 19-2162-JVS (JDE), 2020 WL 2496174, at *2 (C.D. Cal. Mar. 16, 2020) ("A plaintiff must be able to identify a *specific* state or federal statute, rule, or regulation which he believed was being violated." (emphasis added)). Accordingly, to the extent Plaintiff alleges a violation of Section 1102.5(b) based on reports of drug toxicity, such a claim must be dismissed.

Next, as to Plaintiff's allegations concerning his compensation related complaints, Defendants argue Plaintiff's SAC "omits facts to support a causal link between the protected activity and the adverse action." Mem. at 7. "Plaintiff must plead a causal link between [his] disclosure of what [he] had reasonable cause to believe constituted Defendants' illegal conduct, and Defendants' adverse actions." *Dowell v. Contra Costa County*, 928 F. Supp. 2d 1137, 1156 (N.D. Cal. 2013). "Causation may be inferred from circumstantial evidence, including 'the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'" *Id.* (quoting *Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 666 (Ct. App. 2000)). However, "[t]he employer's awareness is an essential component of the causal link." *Id.* (citing *Morgan*, 105 Cal. Rptr. 2d at 666).

In its prior Order dismissing the FAC, the Court found Plaintiff's allegation he "complained to a person with authority over him, or to another employee who had the

authority to investigate, discover, or correct the violation or noncompliance, about drug toxicity, and also about his unissued shares, and his unpaid wages," conclusory. FAC Order at 13. Consequently, the Court held Plaintiff had not provided sufficient "factual matter" to plead Paradigm was aware that Plaintiff had engaged in a protected activity. *Id.*

Plaintiff's SAC no longer includes this conclusory allegation, but Defendants argue the SAC again fails to state a claim, as Plaintiff still fails to identify to whom he might have made his compensation-related complaints. Mem. at 8. For example, in SAC paragraphs 42 and 44, Plaintiff alleges he complained to "Defendant," singular. But he never defines "Defendant." This leaves Defendants unable to ascertain to whom Plaintiff allegedly complained, and thus what facts support Plaintiff's claim that Paradigm was aware of his complaints. *Id.*

Plaintiff does not directly address this point in response but possibly suggests he made the complaints of the "illegal withholding of wages, illegal removal of vested wages PTO" to Skerrett. Opp'n at 6. But "[a]rguments made in briefs are not facts alleged in the complaint, and the court cannot consider them in deciding a motion to dismiss." *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, No. CV 14-01480 MMM AGRX, 2014 WL 6603761, at *4 (C.D. Cal. July 28, 2014). The Court is persuaded that by failing to identify to whom he allegedly complained or that the individuals responsible for terminating his employment had any reason to know that Plaintiff purportedly complained, Plaintiff has not sufficiently pled facts to support a causal link between the protected activity—his compensation related complaints—and adverse action. *See Dowell*, 928 F. Supp. 2d at 1156 ("Without an allegation that Defendants were aware that Plaintiff engaged in protected activity, there can be no basis to find a causal link between the protected activity and adverse action."); *see also Noone v. Hitachi Rail STS USA, Inc.*, No. 8:24-cv-00131-FWS-KES, 2024 WL 5415115, at *5 (C.D. Cal. Dec. 2, 2024) (finding plaintiff failed to allege a causal link under section 1102.5 even though she alleged who she complained to, where she only stated in a "conclusory manner" that "Defendant" took the retaliatory action against her).

In light of the foregoing deficiencies, the Court **GRANTS** Paradigm's Motion to Dismiss as to Plaintiff's Section1102.5(b) claim and **DISMISSES** such claim. However, the Court does not believe the claim's defects are necessarily irremediable, and therefore **DISMISSES** this claim **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

### 2.   *Alleged Violations of Section 1102.5(c)*

Section 1102.5(c) states that an employer "shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." "In enacting the statute, the California Legislature intended 'to protect employees who refuse to act at the direction of their employer or refuse to participate in activities of an employer that would result in a violation of law.'" *Casissa v. First Rep. Bank,* Nos. C 09–4129 CW, C 09–4130 CW, 2012 WL 3020193, at *8 (N.D. Cal. July 24, 2012) (quoting Act of Sept. 22, 2003, ch. 484, § 1, 2003 Cal. Legis. Serv. 484). "As with section 1102.5(b), to establish a prima facie case under section 1102.5(c), a plaintiff must offer proof that: (1) he engaged in a protected activity[;] (2) the defendant subjected him to adverse employment actions; and (3) that there is a causal link between the two." *Tobin v. City & Cnty. S.F. Police Dep't*, No. 13-cv-01504-MEJ, 2015 WL 1885632 at *5 (N.D. Cal. April 24, 2015).

Defendants argue that Plaintiff fails to sufficiently allege he refused to participate in any alleged unlawful conduct, and thus his Section 1102.5(c) claim must be dismissed. Mem. at 6. Plaintiff argues his SAC is sufficient because he alleges that:

> Paradigm did not want to stop pushing forward its unsafe drug despite being warned by Lapchak and others of the serious problems with the drugs. As such, Paradigm was asking Dr. Lapchak to violate his ethical duties and engage in unlawful activity by continuing to push forward with drug trials of a drug that was demonstrably unsafe.

Opp'n at 4–5 (citing SAC ¶ 47). And Plaintiff argues that "as a physician, Dr. Lapchak must observe ethical duties, and under the FDCA law, drugs must be safe and effective or they may not be given to the public." *Id.* at 5.

The Court agrees with Defendants that these allegations are insufficient to show Plaintiff *refused to participate* in any allegedly unlawful conduct. Plaintiff does not allege who asked him to engage in alleged unlawful conduct or when or how he informed that person he was refusing to engage in such conduct. While Plaintiff alleges he made reports of "drug toxicity"—notwithstanding that, as explained above, he has not identified the specific law he believed was being violated—complaints of alleged unlawful activity alone are insufficient to show he refused to participate in such activity. *See e.g.*, *Tobin*, 2015 WL 1885632, at *5 ("[Plaintiff] merely asserts that he complained about Defendants' practices and questioned whether they were legal. Without more, Plaintiff's bare assertion that he refused to further Defendants' 'illegal policies' does not place him within the class of persons that section 1102.5(c) is designed to protect."); *see also Fernandes v. TW Telecom Holdings Inc.,* No. 2:13–CV–02221–GEB–CKD, 2013 WL 6583970, at *1, 3–4 (E.D. Cal. Dec. 16, 2013) (dismissing section 1102.5(c) claim where plaintiff "refus[ed] to ignore" safety and compliance violations, finding that this allegation "do[es] not evince" a refusal to participate in an illegal activity); *cf. Ferretti v Pfizer Inc,* 855 F. Supp. 2d 1017, 1025–27 (N.D. Cal. 2012) (denying dismissal of a section 1102.5(c) claim where plaintiff indicated that she would not conduct Phase III of her employer's product studies and requested a transfer).

However, the Court does not believe amendment would be futile. Therefore, the Court **DISMISSES** Plaintiff's Section 1102.5(c) claim **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** as to Paradigm.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 19) Plaintiff's Second Amended Complaint as follows:

1.    Plaintiff's First Cause of Action as to Defendant Skerrett is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

2.    Plaintiff's Second Cause of Action as to Defendant Skerrett is **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

3.    Plaintiff's Second Cause of Action, to the extent premised on Section 1102.5(b), is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** as to Defendant Paradigm.

4.    Plaintiff's Second Cause of Action, to the extent premised on Section 1102.5(c), is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** as to Defendant Paradigm.

Within twenty-one (21) days of this Order, Plaintiff either **(1) SHALL FILE** an amended complaint, or **(2) SHALL INDICATE** to the Court that he will not do so. ***Failure to timely select either of the above options may result in the dismissal of all claims for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b)***. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019) (explaining courts may dismiss an action under Rule 41(b) when a plaintiff fails to comply with a court order requiring the filing of an amended complaint).  Any amended complaint must be complete in and of itself without reference to Plaintiff's FAC or SAC; claims not realleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not realleged in an amended pleading may be considered waived).

    **IT IS SO ORDERED**

Dated:  August 5, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge