UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. LAPCHAK, an individual,<br>Plaintiff,<br>v.<br>PARADIGM BIOPHARMACEUTICALS (USA), INC., a Delaware corporation; and DONNA SKERRETT, an individual,<br>Defendants. | Case No.: 24-CV-143 JLS (DDL)<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br>(ECF No. 27) |

Presently before the Court is Defendant Paradigm Biopharmaceuticals (USA), Inc.'s ("Paradigm") Motion to Dismiss Plaintiff's Third Amended Complaint's Second and Third Causes of Action ("Mot.," ECF No. 27) and Memorandum of Points and Authorities in Support Thereof ("Mem.," ECF No. 27-1). Plaintiff Paul A. Lapchak ("Plaintiff") filed an Opposition to the Motion ("Opp'n," ECF No. 28), to which Paradigm submitted a Reply ("Reply," ECF No. 30). The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1) on October 23, 2025. ECF No. 29. Having carefully considered the Parties' arguments, Plaintiff's Third Amended Complaint ("TAC," ECF No. 24), and the law, the Court **GRANTS IN PART** and **DENIES IN PART** Paradigm's Motion to Dismiss.

/ / /

## BACKGROUND

### I. Procedural Background

Plaintiff initiated this action by filing a Complaint against Paradigm and Donna Skerrett ("Skerrett") on January 22, 2024. *See* ECF No. 1. Plaintiff filed his First Amended Complaint on March 28, 2024, alleging four causes of action: (1) breach of contract against all Defendants; (2) breach of fiduciary duties against Skerrett; (3) violation of "California Whistleblower Statute" against all Defendants; and (4) violations of "California Employment Law" against all Defendants. ECF No. 4 ("FAC"). Defendants then moved to dismiss Plaintiff's Second, Third, and Fourth Causes of Action for failure to state a claim upon which relief can be granted. *See generally* ECF No. 9.

On February 7, 2025, the Court granted Defendants' Motion and dismissed Plaintiff's Second, Third, and Fourth Causes of Action without prejudice and with leave to amend. *See* ECF No. 15 ("FAC Order") at 18–19.

On April 29, 2025, Plaintiff filed a Second Amended Complaint ("SAC," ECF No. 18). The SAC alleged seven causes of action: (1) breach of contract against both Defendants; (2) violation of "California Whistleblower Statute" against both Defendants; (3) violation of California Labor Code § 204 against Paradigm; (4) violation of California Labor Code § 203 against Paradigm; (5) violation of California Labor Code § 226 against Paradigm; (6) retaliation in violation of public policy against Paradigm; and (7) retaliation under California Labor Code § 98.6 against Paradigm. *See generally* SAC. Defendants then moved to dismiss the SAC's First Cause of Action as to Skerrett and Second Cause of Action as to both Defendants. *See generally* ECF No. 19.

On August 5, 2025, the Court granted Defendants' Motion. ECF No. 23 ("SAC Order"). The Court dismissed the First Cause of Action as to Skerrett without prejudice and with leave to amend. *See* SAC Order at 12–13. The Court dismissed the Second Cause of Action as to Skerrett with prejudice and without leave to amend. *Id.* The Court also dismissed the Second Cause of Action as to Paradigm, to the extent premised on California Labor Code § 1102.5(b) and (c), without prejudice and with leave to amend. *Id.*

On August 26, 2025, Plaintiff filed a Third Amended Complaint ("TAC," ECF No. 24). The TAC again alleges seven causes of action: (1) breach of contract against Paradigm; (2) violation of "California Whistleblower Statute" against Paradigm; (3) violation of California Labor Code § 204 against Paradigm; (4) violation of California Labor Code § 203 against Paradigm; (5) violation of California Labor Code § 226 against Paradigm; (6) retaliation in violation of public policy against Paradigm; and (7) retaliation under California Labor Code § 98.6 against Paradigm. *See generally* TAC.

On September 23, 2025, Paradigm filed the present Motion to Dismiss the TAC's Second Cause of Action, to the extent premised on California Labor Code § 1102.5(b) and (c), and Third Cause of Action for violation of California Labor Code § 204. *See* Mot. On October 16, 2025, Plaintiff filed an Opposition. *See* Opp'n. On October 23, 2025, Paradigm filed its Reply. *See* Reply.

## II. Third Amended Complaint: Plaintiff's Allegations

Plaintiff Paul Lapchak, a San Diego resident, is a renowned scientist with a Ph.D. in Pharmacology. TAC ¶¶ 1, 8. Plaintiff was hired by Paradigm, a Delaware corporation that develops and sells drug formulas, to be its executive, holding the title of "Global Head of Translational Development," on or about October 7, 2022. *Id.* ¶¶ 2, 9, 11. Plaintiff and Paradigm entered into a contract, the "Employment Agreement," which required Paradigm to provide certain financial compensation and Paradigm shares to Plaintiff as part of the employment inducement. *Id.* ¶¶ 35, 36. Plaintiff was an executive for approximately 12 months, and his last performance evaluation indicated he "exceeded on all measures of performance." *Id.* ¶ 10.

Paradigm develops pentosan polysulfate sodium ("PPS") under the name "Zilosul®" to treat osteoarthritis. *Id.* ¶ 11. Plaintiff alleges Paradigm's statements show Zilosul was intended for commercial use, and not research use. *Id.* Plaintiff further alleges that because Zilosul had not previously been sold for this use, it was a "new drug" subject to 21 U.S.C. § 355. *Id.* ¶ 14. Plaintiff cites § 355(a), § 355(b)(1)(A)(i), and § 355(e), alleging those provisions require approval before a new drug is introduced into interstate commerce,

reports showing whether the drug is safe for use, and withdrawal or suspension of approval where scientific data show the drug is unsafe. *Id.* ¶¶ 14, 26.

On or about October 2, 2023, via Paradigm company email, Plaintiff reported that Zilosul exhibited high levels of drug toxicity to Michael Sheehan, Michael Imperiale, Kate Larsen, Karla Knower, and Skerrett, all Paradigm employees and executives. *Id.* ¶ 12. Plaintiff alleges this email placed Paradigm on notice of unsafe levels of drug toxicity beyond No Observed Adverse Effect Levels ("NOAEL"). *Id.* Plaintiff further alleges Michael Imperiale, Paradigm's Global Head of Drug Safety and MPS, responded on October 4, 2023, that the NOAEL was "concerning" and asked Plaintiff to set up a meeting to discuss the data and next steps. *Id.* ¶ 13. Plaintiff alleges he was concerned Zilosul could not be used at a dose high enough to effectuate its intended use in humans and, for that reason, the drug failed to comply with § 355's safety requirements for new drugs. *Id.* ¶ 17.

On or about October 3, 2023, Paradigm sent Plaintiff a new employment agreement that had not been negotiated with him, and which "materially altered several aspects of the parties' agreed-upon contractual relationship," which Plaintiff alleges was to his financial detriment. *Id.* ¶ 18. On or about October 10, 2023, Plaintiff protested the changes and stated he would not enter into the new agreement. *Id.* ¶ 19. Plaintiff alleges he also informed Skerrett, whom he identifies as his supervisor and Paradigm's CMO and Board member, that Paradigm had not paid him the shares he was owed and asked Skerrett to share his concerns with the Board. *Id.* ¶¶ 3, 19.

Plaintiff is a shareholder in Paradigm and alleges that shares promised to him have not been timely provided, as set forth in his Employment Agreement. *Id.* ¶¶ 19, 22, 24. For example, his "sign-on bonus" of 25,000 shares was due by October 24, 2022, and was not timely provided. *Id.* ¶ 19. His one-year anniversary 100,000 shares were due October 24, 2023, and were also not timely provided. *Id.* ¶ 22. On October 29, 2023, Paradigm issued a "trading halt" and a "rights offer" or "entitlement offer" to its employees, and Plaintiff timely exercised his entitlement/rights offer as to the missing 125,000 shares of

Paradigm stock. *Id.* ¶ 21. Plaintiff alleges that he has not received the 125,000 shares to which he is entitled, nor other shares to which he alleges he is entitled under a capital raise. *Id.* ¶¶ 22, 24.

Plaintiff further alleges Paradigm failed to pay 401(k) contributions he was owed and reduced his PTO bank without authorization. *Id.* ¶¶ 40, 43. On October 29, 2023, Plaintiff wrote to Abby MacNish, Paradigm's CFO and Company Secretary, and copied People and Culture, an internal Paradigm group that reviewed his complaints, about unissued shares, unpaid bonuses, and proposed PTO changes. *Id.* ¶ 20. On November 1, 2023, MacNish wrote to Plaintiff that Paradigm had received Plaintiff's communication from Skerrett and that People and Culture was reviewing the matter. *Id.* ¶ 23.

On November 1, 2023, at a companywide team meeting, Plaintiff "presented an overview of drug toxicity of Zilosul." *Id.* ¶ 25. Then, on November 17, 2023, Plaintiff "presented a PowerPoint deck to Paradigm's safety officer, director of clinical operations, and head of osteoarthritis summarizing significant multi-organ toxicity of Paradigm's drug product, PPS or Zilosul." *Id.* Plaintiff proceeded to inform the regulatory department of the multi-organ toxicity of the same product. *Id.* Plaintiff alleges these actions were consistent with his job duties and "exhibit his refusal to continue to push forward Zilosul for its intended use." *Id.*

Plaintiff alleges that, in retaliation for his actions, Paradigm disabled his access to the workplace computers on November 17, 2023. *Id.* ¶ 28. After Plaintiff protested, Paradigm purportedly "falsely claimed" Plaintiff was still an employee. *Id.* ¶ 29. Plaintiff alleges he disclosed all toxicities and submitted related toxicity documents to the Center for Drug Evaluation and Research at the Food and Drug Administration (CDER-FDA) on December 1, 2023, and later disclosed toxicity data and documents to the Therapeutic Goods Administration (TGA) and European Medicines Agency (EMA). *Id.* ¶ 30. Plaintiff alleges Paradigm formally terminated him on or about January 12, 2024. *Id.* ¶ 31.

/ / /

/ / /

**LEGAL STANDARD**

Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

To survive a 12(b)(6) motion, then, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). Further, "a district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

/ / /

## ANALYSIS

Paradigm argues Plaintiff's Second and Third Causes of Action fail to state claims upon which relief can be granted and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedural 12(b)(6). *See* Mem. at 1. The Court addresses each argument in turn.

### I. Second Cause of Action

Plaintiff's Second Cause of Action alleges Paradigm violated the California Whistleblower Statute, specifically California Labor Code Sections 1102.5(b) and 1102.5(c). TAC ¶¶ 49–64. Paradigm contends Plaintiff still has not pled sufficient facts to state a claim under either subsection, despite the Court's prior orders granting leave to amend. *See* Mem. at 4–7. The Court will take each argument in turn.

#### *A. Alleged Violations of Section 1102.5(b)*

"[T]o plead a prima facie case of retaliation [under Section 1102.5(b)], a plaintiff must show that []he engaged in a protected activity, h[is] employer subjected h[im] to an adverse employment action, and there is a causal link between the protected action and the adverse action." *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1148 (S.D. Cal. 2018) (citing *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005)). The employee's belief that the employer's conduct was unlawful "may be mistaken," but it "must be reasonable." *Id.* (citing *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933–34 (2007)).

To satisfy the protected-activity element, however, a plaintiff cannot rest on a generalized invocation of an entire statutory scheme; he must identify the specific statute, rule, or regulation he reasonably believed the employer was violating. *See La v. San Mateo Cnty. Transit Dist.*, No. 14-CV-01768-WHO, 2014 WL 4632224, at *6 (N.D. Cal. Sept. 16, 2014) (holding the plaintiff's "citation to a whole statutory framework" did not properly state a claim under Section 1102.5); *Clevland v. Ludwing Inst. Cancer Rsch. Ltd.*, No. 21-CV-871 JM (JLB), 2022 WL 80265, at *4 (S.D. Cal. Jan. 7, 2022) (dismissing a claim under Section 1102.5 because plaintiff's belief that the defendant violated "some provision

of 2 CFR Part 200" failed to give the defendant fair notice); *Chan v. Canadian Standards Ass'n*, No. SACV 19-2162-JVS (JDE), 2020 WL 2496174, at *2 (C.D. Cal. Mar. 16, 2020) ("A plaintiff must be able to identify a *specific* state or federal statute, rule, or regulation which he believed was being violated." (emphasis added)).

Paradigm contends Plaintiff's Section 1102.5(b) claim remains deficient for two reasons. First, Paradigm argues Plaintiff still relies on an entire statutory framework rather than a specific statute, rule, or regulation he reasonably believed Paradigm violated. Second, Paradigm argues Plaintiff still fails to plead causation because the TAC obscures both to whom Plaintiff reported misconduct and who took the adverse action. Mem. at 5–6. The Court addresses each in turn.

*1. Specific Statutory Predicate*

In the SAC Order, the Court dismissed Plaintiff's Section 1102.5(b) claim, to the extent it was premised on his "drug-toxicity" disclosures, because Plaintiff referred only generally to the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., and alleged in conclusory terms that a drug must be safe and effective before marketing. SAC Order at 8–9. Those allegations, the Court held, were too general to put Paradigm on notice of the violation Plaintiff believed had occurred. *Id.*

The TAC cures that defect. Plaintiff now identifies specific provisions of the FDCA, 21 U.S.C. §§ 355(a), 355(b)(1)(A)(i), and 355(e), and ties them to a factual allegation: that Zilosul, a "new drug" not previously sold for its intended use in humans, could not be administered at a dose high enough to be safe for its intended treatment of osteoarthritis, such that "the drug failed to comply with 21 U.S.C. § 355." TAC ¶¶ 14, 17, 26.[1] Unlike the SAC's undifferentiated reference to the FDCA, these allegations identify the statute and subsections Plaintiff believed Paradigm's conduct implicated and connected them to the toxicity Plaintiff disclosed. These allegations are sufficiently specific at the pleading

---

[1] The Court considers the incorporated allegations identifying 21 U.S.C. §§ 355(a), 355(b)(1)(A)(i), and 355(e), because the Second Cause of Action incorporates the foregoing paragraphs as permitted by Rule 10(c). TAC ¶ 49; Fed. R. Civ. P. 10(c).

stage.

Paradigm's remaining objection goes to the merits of Plaintiff's belief, not its sufficiency. Paradigm argues 21 U.S.C. § 355 governs the approval and introduction of "New Drugs" into interstate commerce, and that Plaintiff never alleges he reported an unlawful sale or marketing of Zilosul. Reply at 4. But Section 1102.5(b) does not require Plaintiff to plead an actual statutory violation; rather, Plaintiff must plausibly allege that he disclosed information he reasonably believed revealed a violation of, or noncompliance with, a federal statute, rule, or regulation. "Under the statute, the relevant inquiry is not whether the conduct 'actually violated' any specific statute or regulation, but whether the plaintiff '*reasonably believed* that there was a violation of a statute, rule, or regulation' at the time it was reported." *Killgore v. SpecPro Pro. Servs., LLC*, 51 F. 4th 973, 988 (9th Cir. 2022) (quoting *Nejadian v. Cnty. of L.A.*, 40 Cal. App. 5th 703, 719 (2019)); *Tam*, 300 F. Supp. 3d at 1148 ("The employee must have an actual belief that the employer's actions were unlawful and the employee's belief, even if mistaken, must be reasonable." (citing *Carter*, 148 Cal. App. 4th at 933–34)).

The Court finds that Plaintiff has plausibly alleged a reasonable belief that Paradigm acted unlawfully in pushing forward a new drug too toxic for trials to continue, and that continuing further trials of the "demonstrably unsafe" drug would itself be unlawful. TAC ¶ 57. Paradigm's own conduct supports the reasonableness of Plaintiff's belief, as Paradigm described the toxicity findings as "concerning" and required Plaintiff to present the findings to Paradigm's Global Head of Drug Safety. TAC, Ex. 3. Because pleading a Section 1102.5(b) claim turns on the reasonableness of Plaintiff's belief rather than an actual FDCA violation, Paradigm's argument on this point does not warrant dismissal.

2. *Causal Link*

The Court previously dismissed Plaintiff's Section 1102.5(b) claim in part because Plaintiff failed to identify to whom he complained or to allege that "the individuals responsible for terminating his employment had any reason to know" of his reports of protected activity. SAC Order at 10. "Plaintiff must plead a causal link between [his]

disclosure of what [he] had reasonable cause to believe constituted Defendants' illegal conduct, and Defendants' adverse actions." *Dowell v. Contra Costa Cnty.*, 928 F. Supp. 2d 1137, 1156 (N.D. Cal. 2013). "Causation may be inferred from circumstantial evidence, including 'the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'" *Id.* (quoting *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)). "The employer's awareness is an essential component of the causal link." *Id.*

The TAC now alleges facts supporting Paradigm's awareness of Plaintiff's reports. Plaintiff alleges that, on October 2, 2023, he reported Zilosul's toxicity by company email to five named Paradigm employees and executives, Michael Sheehan, Michael Imperiale, Kate Larsen, Karla Knower, and Donna Skerrett. TAC ¶ 12. Plaintiff further alleges he raised toxicity concerns at a companywide meeting on November 1, 2023, and at a presentation before Paradigm's safety officer, director of clinical operations, and head of osteoarthritis on November 17, 2023. *Id.* ¶¶ 25, 58. As to his compensation-related complaints, Plaintiff alleges he wrote to Paradigm's CFO and Company Secretary, Abby MacNish, on October 29, 2023, and that MacNish acknowledged in writing that Paradigm received his complaints. *Id.* ¶ 20, 23.

The Court acknowledges that the TAC does not identify the specific individual who disabled Plaintiff's computer access or made the final termination decision, and that its interchangeable use of "Defendant" and "Paradigm" is not a model of clarity. But the claim is asserted against Paradigm, Plaintiff's employer, and the knowledge of Plaintiff's supervisors and managerial employees is imputed to Paradigm for purposes of the casual-link inquiry. *See Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 420–21 (2007) (holding that an employer "generally can be held liable for the retaliatory actions of its supervisors" and that a supervisor's motive is imputed to the corporate employer) (citing *Reeves v. Safeway Stores, Inc.*, 121 Cal. App. 4th 95, 109 (2004)). At the pleading stage, that knowledge, coupled with retaliatory timing, suffices to allege a causal link. *See*

*Hawkins v. City of Los Angeles*, 40 Cal. App. 5th 384, 394 (2019) ("Circumstantial evidence such as proximity in time between protected activity and alleged retaliation may establish a causal link.") (citing *Morgan*, Cal. App. 4th at 69).

The TAC alleges such timing: Paradigm purportedly disabled Plaintiff's computer access on November 17, 2023, the same day as his toxicity presentation, and formally terminated Plaintiff on January 12, 2024. *Id.* ¶¶ 28, 31. Plaintiff further alleges he had recently received a positive performance review and an offer of a new employment agreement. *Id.* ¶ 62. Taken together, Plaintiff's allegations of protected reports followed closely by disabling his workplace computer access, and within roughly two months by his formal termination, sufficiently plead a causal link. TAC ¶¶ 56, 58, 59, 60; *see Hawkins*, 40 Cal. App. 5th at 394 (affirming Section 1102.5 verdict where a few months separated plaintiffs' protected activity from their terminations and a "pattern of conduct consistent with a retaliatory intent" reinforced the causal link).

Accordingly, the Court **DENIES** Paradigm's Motion to Dismiss Plaintiff's Second Cause of Action to the extent premised on Section 1102.5(b).

***B. Alleged Violations of Section 1102.5(c)***

Section 1102.5(c) states that an employer "shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." "As with Section 1102.5(b), to establish a prima facie case under Section 1102.5(c), a plaintiff must offer proof that: (1) he engaged in a protected activity[;] (2) the defendant subjected him to adverse employment actions; and (3) that there is a causal link between the two." *Tobin v. City & Cnty. S.F. Police Dep't*, No. 13-CV -1504-MEJ, 2015 WL 1885632, at *5 (N.D. Cal. Apr. 24, 2015).

The Court previously dismissed Plaintiff's 1102.5(c) claim because Plaintiff failed to allege who asked him to engage in unlawful conduct, when or how he refused, or how his reports of drug toxicity amounted to a refusal to participate in unlawful activity. SAC Order at 12. Paradigm argues the TAC suffers from the same deficiency. Mem. at 6–7;

Reply at 6. Plaintiff responds that the TAC now alleges Paradigm "was asking [Plaintiff] to violate his ethical duties and engage in unlawful activity by continuing to push forward with drug trials of a drug that was demonstrably unsafe." Opp'n at 8 (citing TAC ¶ 57).

The Court agrees with Paradigm that these allegations remain insufficient to show Plaintiff *refused to participate* in any allegedly unlawful conduct. The TAC does not supply the elements the SAC Order found missing: who asked Plaintiff to continue the allegedly unlawful conduct, or when or how he affirmatively refused to engage in such conduct. SAC Order at 12. Complaints and reports of allegedly unlawful activity, standing alone, do not establish a refusal to participate in such activity. *See, e.g.*, *Tobin*, 2015 WL 1885632, at *5 ("[Plaintiff] merely asserts that he complained about Defendants' practices and questioned whether they were legal. Without more, Plaintiff's bare assertion that he refused to further Defendants' 'illegal policies' does not place him within the class of persons that Section 1102.5(c) is designed to protect."); *see also Fernandes v. TW Telecom Holdings Inc.*, No. 2:13-CV -02221-GEB-CKD, 2013 WL 6583970, at *1, 3–4 (E.D. Cal. Dec. 16, 2013) (dismissing Section 1102.5(c) claim where plaintiff "refus[ed] to ignore" safety and compliance violations, finding that this allegation did not evince refusal to participate in illegal activity); *cf. Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1025–27 (N.D. Cal. 2012) (denying dismissal of Section 1102.5(c) claim where plaintiff indicated she would not conduct Phase III of her employer's product studies and requested a transfer).

Accordingly, the Court **GRANTS** Paradigm's Motion to Dismiss Plaintiff's Section 1102.5(c) claim and **DISMISSES** such claim **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.[2]

/ / /

/ / /

---

[2] The Court reaches the same conclusion as to curability. SAC Order at 12. Plaintiff is cautioned that failure to cure this deficiency will result in dismissal of the Section 1102.5(c) claim with prejudice.

**II. Third Cause of Action**

Plaintiff's Third Cause of Action alleges Paradigm violated California Labor Code Section 204 by failing to timely pay wages. TAC ¶¶ 65–77. Paradigm contends Plaintiff cannot raise a legally cognizable cause of action for untimely payment of wages pursuant to Section 204, as there is no private right of action. Mem. at 7–8.

Under California law, "a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right." *Johnson v. GMRI, Inc.*, No. 1:07-CV-00283 OWW SMS, 2007 WL 963209, at *4 (E.D. Cal. Mar. 29, 2007) (citing *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999)). Section 204 establishes timing requirements for wage payments but contains no language creating a private right of action for violations of those timing requirements standing alone. *See Countrywide Fin. Corp. v. Bundy*, 187 Cal. App. 4th 234, 255 (2010). The enforcement mechanism for Section 204 violations appears in Labor Code Section 210, which provides civil penalties for failures to pay wages as required by Section 204. Cal. Lab. Code § 210. When an employee seeks to enforce a Section 204 violation, the proper avenue is through an action for unpaid wages or penalties otherwise authorized by statute, not a standalone claim for violation of the timing statute itself. *See Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011).

Plaintiff's argument that unpaid wages are necessarily untimely does not cure the threshold defect. Opp'n at 9–11. Plaintiff's Third Cause of Action is pled directly under Section 204. Because Section 204 does not provide a standalone private right of action, Plaintiff fails to state a cognizable claim under that provision. The Court need not reach Paradigm's alternative arguments that Plaintiff alleges nonpayment rather than untimely payment or that the alleged 401(k) contributions, PTO, and shares are not wages under Section 204. Claims seeking recovery of unpaid wages must proceed, if at all, through a different statutory or contractual vehicle. *See Johnson*, 809 F. Supp. 2d at 1136 ("The remedy for violation of Section 204 is found in Section 210, which provides that 'every person who fails to pay the wages of each employee as provided in Section 204 . . . shall

be subject to a civil penalty.'"); *Clevland*, 2022 WL 80265, at *21–23. Because no additional facts can create a private right of action under Section 204, amendment would be futile.

Accordingly, the Court **GRANTS** Paradigm's Motion to Dismiss Plaintiff's Third Cause of Action and **DISMISSES** such claim **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

**CONCLUSION**

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Paradigm's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 27) as follows:

1. The Court **DENIES** Paradigm's Motion to Dismiss Plaintiff's Second Cause of Action to the extent premised on California Labor Code Section 1102.5(b).
2. The Court **GRANTS** Paradigm's Motion to Dismiss Plaintiff's Second Cause of Action to the extent premised on California Labor Code Section 11025(c). The Section 1102.5(c) claim is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.
3. The Court **GRANTS** Paradigm's Motion to Dismiss Plaintiff's Third Cause of Action for violation of California Labor Code Section 204. The Third Cause of Action is **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

Within twenty-one (21) days of this Order, Plaintiff either (1) **SHALL FILE** an amended complaint, or (2) **SHALL INDICATE** to the Court that it will not do so. Failure to timely select either of the above options may result in the dismissal of all claims for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019) (explaining courts may dismiss an action under Rule 41(b) when a plaintiff fails to comply with a court order requiring the filing of an amended complaint).

/ / /

Any amended complaint must be complete in and of itself without reference to Plaintiff's TAC; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not realleged in an amended pleading may be considered waived).

**IT IS SO ORDERED.**

Dated: July 24, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge